United States District Court
Southern District of Texas

**ENTERED**

June 01, 2026

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| U.K. SOLANKI, | § | |
|     *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:25-cv-02996 |
| | § | |
| JOSEPH B. EDLOW,[1] | § | |
| DIRECTOR OF U.S. CITIZENSHIP AND | § | |
| IMMIGRATION SERVICES | § | |
|     *Defendant*. | § | |

## MEMORANDUM AND RECOMMENDATION

Before the Court is Defendant's Motion to Dismiss.[2]  ECF 16.  Defendant seeks dismissal pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).[3] For the reasons outlined below, the Court RECOMMENDS that Defendant's Motion (ECF 16) be GRANTED and Plaintiff's claims DISMISSED WITHOUT PREJUDICE.

---

[1] Joseph B. Edlow is automatically substituted for his predecessor, Ur M. Jaddou.  Fed. R. Civ. P. 25(d).

[2] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72.  ECF 5.

[3] Because the Court determines that it lacks subject matter jurisdiction over the claims, the Court does not reach the motion under Rule 12(b)(6).  *See Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 762 (5th Cir. 2011) (explaining that where a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the Court should consider the jurisdictional attack first).

## I.  Factual and Procedural Background.

The Immigration and Nationality Act ("INA") governs the admission of noncitizens into the United States.  8 U.S.C. § 1101 *et seq.*  The INA authorizes the U.S. Department of Homeland Security ("DHS") to issue U nonimmigrant status ("U visa") to noncitizen victims of qualifying crimes who cooperate with law enforcement.  8 U.S.C. §§ 1101(a)(15)(U), 1184(p).  *See also* Victims of Trafficking and Violence Act of 2000, Pub. L. No. 106-386, § 1513(a)(2)(A), 114 Stat. 1464, 1533 (explaining the purpose of the visa is to "strengthen the ability of law enforcement to detect, investigate, and prosecute" certain crimes committed against aliens).  The United States Citizenship and Immigration Services ("USCIS") has exclusive jurisdiction over the adjudication of U visa petitions.  8 C.F.R. § 214.14(c)(1).

The INA caps the number of U visas that can be granted each year at 10,000.  8 U.S.C. § 1184(p)(2)(A).  This cap is routinely reached.  *See Vimal S. P. v. Garland*, No. 4:24-CV-04002, 2025 WL 2774400, at *1 n.1 (S.D. Tex. Sept. 26, 2025) (citing DHS data for years for previous 15 years).  To address this backlog, USCIS administers two processes: the waitlist and Bona Fide Determination ("BFD").  *Hernandez v. Jaddou*, No. 4:24-CV-00453, 2025 WL 819657, at *1 (S.D. Tex. Mar. 6, 2025).  The waitlist consists of eligible petitioners who have not been granted their U visa solely because of the cap.  8 C.F.R. § 214.14(d)(2).  Individuals placed

on the waitlist will be granted deferred action and are eligible for employment authorization. *Id.* Under the BFD process, USCIS reviews a petition to determine if it is bona fide, and if so, the petitioner *may* receive work authorization and deferred action. 8 U.S.C. § 1184(p)(6); *Vimal*, 2025 WL 2774400, at *2. If a petitioner receives BFD approval, he or she is not placed on the waitlist. *Id.* If the petitioner does not receive BFD approval, USCIS will determine the petitioner's waitlist eligibility. *Hernandez*, 2025 WL 819657, at *1. Whether on the waitlist or with BFD approval, petitioners await a final adjudication of their U visa. *Id.*

Plaintiff alleges he is an Indian national residing in Fort Bend County, Texas. ECF 1 ¶¶ 8, 14. Plaintiff further alleges that he was the victim of "Intoxicated Manslaughter" in Palacios, Texas on March 17, 2024. *Id.* ¶ 15. Plaintiff claims he filed an I-918, Petition for U Nonimmigrant Status, and an I-765, Application for Employment Authorization, in December 2024. *Id.* ¶¶ 16-17. Plaintiff claims that USCIS has taken no action on his petition and application. *Id.* ¶ 21.

Plaintiff, proceeding pro se, filed his Complaint in June 2025. ECF 1. Plaintiff brings claims under the Administrative Procedure Act ("APA") (5 U.S.C. § 706(1)) seeking to compel USCIS action on his BFD and work authorization due to an unreasonable delay. ECF 1 ¶¶ 28, 103-104. Defendant filed a Motion to

Dismiss on February 13, 2026.  ECF 16.  Plaintiff did not respond.[4]  The Motion is ripe for adjudication.

## II.     Legal Standards.

When subject matter jurisdiction is challenged, the court "is free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has power to hear the case." *Montez v. Dep't of the Navy*, 392 F.3d 147, 149 (5th Cir. 2004); *Krim v. Pcorder.com*, 402 F.3d 489, 494 (5th Cir. 2005).  The Court may consider any of the following in resolving a Rule 12(b)(1) motion: (1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.  *Hopkins v. Wayside Schs.*, No. 23-50600, 2024 WL 3738478, at *4 (5th Cir. Aug. 9, 2024); *Schaeffler v. United States*, 889 F.3d 238, 242 (5th Cir. 2018).  When a Defendant files a motion under Rule 12(b)(1), the plaintiff bears the burden of establishing subject matter jurisdiction.  *Exelon Wind 1, L.L.C. v. Nelson*, 766 F.3d 380, 388 (5th Cir. 2014). If the plaintiff fails to meet his burden, the case must be dismissed.  *Id.*

---

[4] Under Local Rules for the Southern District of Texas, the Court may construe Plaintiff's failure to respond as an indication the motion is unopposed. LOC. R. S.D. TEX. 7.4.  However, it is not appropriate to grant a dispositive motion, such as a motion to dismiss, solely on that basis. *Marbley v. Teamster Loc. 988*, No. 4:22-CV-3396, 2023 WL 4713825, at *3 (S.D. Tex. July 24, 2023) (citing *John v. Louisiana*, 757 F.2d 698, 707–09 (5th Cir. 1986) and *Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodeaux, Inc.*, 702 F.3d 794, 806 (5th Cir. 2012)), *aff'd,* No. 23-20360, 2024 WL 94307 (5th Cir. Jan. 9, 2024).

### III.   Analysis.

### A. The Court lacks subject matter jurisdiction.

The APA grants federal courts jurisdiction to "compel agency action unlawfully withheld or unreasonably delayed" (5 U.S.C. § 706(1)), but the APA does not apply where another statute precludes judicial review or the agency action is discretionary by law. *Id.* § 701(a). The INA specifically precludes judicial review of

> any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter [governing immigration] to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158(a) [regarding asylum] of this title.

8 U.S.C. § 1252(a)(2)(B)(ii).[5] Therefore, whether an agency action is mandatory or discretionary implicates the Court's jurisdiction in the immigration context. *Vimal*, 2025 WL 2774400, at *4 (citing *Bouarfa v. Mayorkas*, 604 U.S. 6, 10-11 (2024)).

### 1. The Court lacks subject matter jurisdiction over the work authorization decision because it is discretionary.

The INA provides the "Secretary *may* grant work authorization to any alien who has a pending, bona fide application" for U nonimmigrant status. 8 U.S.C. § 1184(p)(6) (emphasis added). Settled law holds that the word "'may' *clearly* connotes discretion." *Bouarfa*, 604 U.S. at 13 (2024) (cleaned up, emphasis in

---

[5] The APA also does not apply to "agency action . . . committed to agency discretion by law." 5 U.S.C. § 701(a)(2).

original).  Therefore, the Court lacks jurisdiction to review the work authorization decision because it is purely discretionary.  *See Vimal*, 2025 WL 2774400, at *4 (holding the decision to issue a work permit to a U visa applicant is discretionary, so the court lacks subject matter jurisdiction to review it under the APA); *D'Cruz v. U.S. Citizenship & Immigr. Servs.*, No. CV H-24-340, 2024 WL 4523307, at *4 (S.D. Tex. Oct. 9, 2024); *Lopez v. Jaddou*, No. 4:24-CV-2128, 2025 WL 3251626, at *5 (S.D. Tex. Nov. 21, 2025).

### 2. The Court lacks subject matter jurisdiction over the BFD decision because it is discretionary.

Section 1252(a)(2)(B)(ii)'s preclusion of jurisdiction applies not only to specified discretionary actions, but also to any policy that is a practical application of the discretion afforded to the Attorney General or the DHS Secretary.  In *Patel v. Garland*, the Supreme Court analyzed one part of the INA's jurisdiction stripping provision, which precludes jurisdiction over judgments granting particular forms of relief.  *Patel v. Garland*, 596 U.S. 328, 338-39 (2022).  The Supreme Court held the provision precluded judicial review of grants of relief "but also any judgment *relating to* the granting of relief." *Id.* at 339 (2022) (emphasis in original).  The Fifth Circuit applied *Patel*'s holding to the jurisdiction-stripping subsection at issue here, section 1252(a)(2)(B)(ii).  *Cheejati v. Blinken*, 106 F.4th 388 (5th Cir. 2024), *cert. denied,* 145 S. Ct. 1126 394(2025).  The *Cheejati* court concluded that, as in *Patel*,

practical applications of the discretion specifically afforded to the Attorney General or DHS Secretary are also precluded from review. *Id.* at 394.

Unlike work authorization for U visa petitioners, the INA does not specifically mention the BFD process; instead, it is set forth in USCIS' Policy Manual. *Lopez*, 2025 WL 3251626, at *5. *See also* U.S. CITIZENSHIP AND IMMIGR. SERVS., 3 POLICY MANUAL PT. C CH. 5, https://www.uscis.gov/policy-manual/volume-3-part-c-chapter-5 (current as of May 8, 2026). A BFD decision results from a practical application of USCIS' discretion because it provides a necessary predicate to the discretionary decision to issue work authorization to a U visa petitioner under § 1184(p)(6). *Vimal*, 2025 WL 2774400, at *4. *See also* 8 U.S.C. § 1184(p)(6) ("The Secretary *may* grant work authorization to any alien *who has a pending, bona fide application* for [U] nonimmigrant status" [emphasis added]). Because a BFD decision requires application of USCIS discretion, the Court lacks jurisdiction under the APA to review a BFD decision. *See, e.g.*, *Hernandez*, 2025 WL 819657, at *5 (finding a BFD decision is a practical application of the Secretary's discretionary authority under section 1184(p)(6) and is therefore unreviewable); *Lopez*, 2025 WL 3251626, at *5; *D'Cruz*, 2024 WL 4523307, at *4.

## IV.    Conclusion and Recommendation.

For the reasons stated above, the Court RECOMMENDS that Defendant's Motion (ECF 16) be GRANTED and Defendant's claims be DISMISSED

7

WITHOUT PREJUDICE for lack of subject matter jurisdiction. The Court also RECOMMENDS that Defendant's identical, redacted Motion to Dismiss (ECF 17) be TERMINATED as moot.[6]

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on June 01, 2026, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge

---

[6] The Court granted Defendant's Motion (ECF 13) to file a motion to dismiss under seal. ECF 15. The Order also required Defendant to file a redacted copy of the motion to dismiss on the public docket. *Id.* at 2. Defendant filed an identical, redacted copy of the sealed Motion to Dismiss on the public docket but labeled it as a separate motion to dismiss. ECF 17.